## UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101

**ROBERT S. LASNIK**
DISTRICT JUDGE                                                                 (206) 370-8810

February 12, 2018

Lisa C. Neal
Wilson Smith Cochran Dickerson
901 Fifth Ave., Suite 1700
Seattle, WA 98164

Leslie E. Barron
McNaul Ebel Nawrot & Helgren PLLC
600 University Street, Suite 2700
Seattle, WA 98101

Michael T. Skoglund
Bates Carey LLP
191 N. Wacker Dr., Suite 2400
Chicago, IL 60606

**Delivered Via CM/ECF**

    RE:    <u>Am. States Ins. Co., et al. v. Great Am. Ins. Co.</u>, C17-1200RSL
              Stipulated Protective Order

Dear Counsel:

On February 9, 2018, the Court received your proposed "Stipulated Protective Order." Dkt. # 25.

Pursuant to Fed. R. Civ. P. 26(c), protective orders may be entered to protect parties from annoyance, embarrassment, or undue burden or to protect confidential commercial information. Such protective orders may issue upon a showing of good cause.

Although parties may agree on confidentiality among themselves, when they request that the Court be involved, the proposed order must be narrowly drawn, identifying both the type of information that is to be protected and, if not obvious, the reason such protection is warranted. The order must also comply with the applicable federal and local procedural rules.

The agreed protective order submitted in this case is deficient for the following reason:

> The parties have not shown that restrictions on the dissemination of "underwriting files," "claim files," intra-insurer communications, etc., are necessary to protect persons from annoyance, embarrassment, oppression, or undue burden or expense, as contemplated by Fed. R. Civ. P. 26(c). Nor have the parties shown that these broad categories of documents have been held in confidence, are trade secrets, or are privileged. Any protective order entered by the Court must not only identify the class or type of documents subject to the order, but also explain the need for confidentiality if not apparent from the context.

The agreed protective order received by the Court will remain lodged in the file, but will not be entered. The parties may resubmit a proposed order if they remedy the deficiencies identified in this letter.

Sincerely,

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge