UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMERICAN STATES INSURANCE
COMPANY, *et al.*,

            Plaintiffs,

    v.

GREAT AMERICAN INSURANCE
COMPANY,

            Defendant.

Case No. C17-1200RSL

ORDER DENYING REQUESTS
TO SEAL

This matter comes before the Court on defendant Great American Insurance Company's request to seal three documents that plaintiffs had designated as "confidential" during discovery. Dkt. # 34. Defendant submitted four documents under seal, one of which reflects correspondence between the parties regarding the confidentiality designation. Dkt. # 37. Plaintiffs subsequently filed a memorandum supporting their claims of confidentiality, acknowledging that the inter-party correspondence is not confidential, and requesting that additional documents be filed under seal. Dkt. # 43.

"There is a strong presumption of public access to the court's files," and, absent a showing that the public's right of access is outweighed by the interests of the public and/or the parties in shielding the material from public view, a seal is not appropriate. LCR 5(g). In support of its motion to seal, defendant cites only plaintiffs' designation of the documents as confidential and the protective order entered in this case. Defendant, which stands in the shoes of the insured in this litigation, has not identified an applicable privilege or other interest of the insured that

ORDER DENYING REQUESTS TO SEAL

1  would be harmed by disclosure. Plaintiffs, for their part, vaguely assert that they owe duties of
2  confidentiality to the insured, but make no attempt to identify information in the documents that
3  reflects the insured's confidences.

4  The protective order entered in this litigation allows a claim file to be designated as
5  confidential only if it contains confidential information regarding the insured's defense of the
6  claims against it. Dkt. # 33 at 2.[1] Rather than make such a showing, plaintiffs declare that they
7  are not in a position to decide what the insured would view as confidential and ask that the
8  documents be sealed to avoid any chance of an unwarranted disclosure. Having reviewed the
9  documents, the Court finds that plaintiffs have not met their burden. The allegations of the
10 underlying complaint against the insured are public knowledge, as is the fact that the insured and
11 its assignee have made claims for coverage. Plaintiffs' claims handling activities, including its
12 interpretation of the policy terms, do not reflect confidential information of the insured and are
13 highly relevant to the counterclaims asserted against plaintiffs in this litigation. Defendant's
14 request for leave to file exhibits under seal is therefore denied, as is plaintiffs' alternative request
15 to compel the substitution of stipulations for the documentary evidence.

16 With regards to plaintiffs' request that additional exhibits attached to the Declaration of
17 Timothy B. Fitzgerald (Dkt. # 36) be filed under seal, the only justification provided is that
18 plaintiffs produced the documents and marked them as confidential. A party's unilateral
19 designation of a document as confidential does not, in and of itself, justify a seal under LCR
20 5(g)(2). Plaintiffs have not established that the public's right of access should give way.

22 //

---

[1] The Court previously rejected a proposed protective order that would have allowed the parties to designate "claims files" as confidential without any showing that the files held confidences, revealed trade secrets, or are otherwise privileged. Dkt. # 26.

For all of the foregoing reasons, the parties' requests to seal (Dkt. # 34 and Dkt. # 43) are DENIED. The Clerk of Court is directed to unseal Dkt. # 37.

Dated this 10th day of April, 2018.

*Robert S. Lasnik* (signature)

Robert S. Lasnik
United States District Judge