UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
AMERICAN STATES INSURANCE )
COMPANY, *et al.*, )
)   Case No. C17-1200RSL
                    Plaintiffs, )
        v. )
)   ORDER DENYING PLAINTIFFS'
GREAT AMERICAN INSURANCE )   MOTION TO EXTEND EXPERT
COMPANY, )   DISCLOSURE DEADLINE
)
                    Defendant. )
_____)

This matter comes before the Court on plaintiffs "Motion to Extend Expert Disclosure Deadline." Dkt. # 48. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

Despite the many pages recounting defendant's discovery failures and obstruction, plaintiffs have not asked the Court to compel supplementation of the initial disclosures or to exclude undisclosed testimony or evidence. Rather, plaintiffs waited until the day expert reports were due to move for an extension of the disclosure deadline. The analytical framework that governs this motion is Fed. R. Civ. P. 16(b)(4), not Fed. R. Civ. P. 37.

Pursuant to Rule 16(b)(4), case management deadlines established by the Court "may be modified only for good cause and with the judge's consent."[1] The case management order in this

---

[1] Rule 16 was amended in 1983 to require scheduling orders that govern pre-trial as well as trial procedure. The purpose of the change was to improve the efficiency of federal litigation: leaving the parties to

ORDER DENYING PLAINTIFFS' MOTION
TO EXTEND EXPERT DISCLOSURE DEADLINE

case likewise states "[t]hese are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown . . . ." Dkt. # 19 at 2. In determining whether a litigant has shown good cause, the Court:

> primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). See also Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown).

The relief plaintiffs seek in this motion is not supported by the facts or argument. Plaintiffs request an extension of the April 4th expert disclosure deadline, but assert that their expert is offering only rebuttal testimony -- which would not be due until May 4th. Dkt. # 48 at 3 and 4. While defendants' failure to provide documentation regarding their damage calculations before March 20th may have supported a motion to compel, plaintiffs make no effort to explain why their expert was not prepared to draft and serve his rebuttal report within the time allotted. Under the normal case management schedule, a rebuttal expert has thirty days in which to evaluate the opposing expert's report and generate his or her rebuttal report. Plaintiffs' expert was in possession of the underlying documents for more than six weeks before the rebuttal deadline: the Court is left to speculate why an extension of that deadline would be necessary. Plaintiffs have not shown diligence and/or good cause for purposes of Rule 16(b)(4).

It is unclear from the record whether defendant disclosed an expert on the date required by the case management order. If, as plaintiffs' counsel states in reply, defendant has opted not to present expert testimony regarding the reasonableness of the defense fees and costs at issue,

---

their own devices until shortly before trial was apparently costly and resulted in undue delay.

no rebuttal testimony is authorized or needed.[2] If, on the other hand, defendant did disclose an expert in a timely manner, plaintiffs should have served their rebuttal report on or before May 4, 2018. In light of the delay in ruling on this motion, a brief extension until May 21, 2018, in which to serve a rebuttal report will be granted.

For all of the foregoing reasons, plaintiffs' motion for an extension of the expert disclosure deadline is DENIED.

Dated this 14th day of May, 2018.

Robert S. Lasnik
United States District Judge

---

[2] Rebuttal expert reports are those which are "intended solely to contradict or rebut evidence" offered by another party's expert. Fed. R. Civ. P. 26(a)(2)(D)(ii). Having chosen to delay any expert disclosure until the rebuttal deadline, plaintiffs' expert testimony would be restricted "solely" to rebutting or contradicting the expert opinions and findings offered by the experts defendants disclosed on April 4, 2018. Rebuttal experts may not put forth their own theories, opinions, or story lines but must confine themselves to showing why the opinions espoused by defendant's expert are unsound.

ORDER DENYING PLAINTIFFS' MOTION
TO EXTEND EXPERT DISCLOSURE DEADLINE            -3-